IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MICHAEL J. QUILLING, RECEIVER FOR SARDAUKER HOLDINGS, IBC and BRADLEY C. STARK,<br><br>         Plaintiff,<br><br>v.<br><br>3D MARKETING, LLC,[1]<br><br>         Defendant. | §§§§§§§§§§§§ Civil Action No. 3:06-CV-0293-L |

## **MEMORANDUM OPINION AND ORDER**

This case arises out of a lawsuit brought by the Securities and Exchange Commission ("SEC") against various defendants and relief-defendants for an alleged fraudulent investment scheme. *See SEC v. Megafund Corp., et al.*, No. 3-05-CV-1328-L ("*Megafund* Litigation"). In the *Megafund* Litigation, the SEC alleges that Megafund Corporation ("Megafund"), an unlicensed securities broker, along with Sardauker Holdings, IBC ("Sardauker") and Bradley C. Stark ("Stark"), raised more than $13 million from unwitting investors by making false representations regarding the anticipated rate of return and by falsely promising that some of the profits generated from the sale of securities would be used for charitable causes. The SEC alleges that the defendants in that case ultimately diverted the invested funds for *Ponzi* payments to earlier investors and used them for unauthorized expenditures.

---

[1] Although in the caption of the case Defendant is listed as "3D Marketing, LLC," Defendant insists that its proper name is "3-D Marketing, LLC." As Plaintiff has no objection, in this memorandum opinion and order the court intends that "3D Marketing, LLC" also include "3-D Marketing, LLC."

**Memorandum Opinion and Order – Page 1**

On July 5, 2005, the court appointed Michael J. Quilling as the Receiver for all defendants in the *Megafund* Litigation. On February 15, 2006, the Receiver filed this action against 3-D Marketing, seeking to recover $150,000 transferred by Sardauker to 3-D Marketing. The Receiver alleges that the transfers are fraudulent as a matter of law since Sardauker was operated as an illegal *Ponzi* scheme by Stark. Defendant 3-D Marketing denies that the payments were fraudulent transfers, and contends that one payment was a return on its initial $100,000 investment and the second payment was a "loan" from the L.B. Charitable Trust, another Sardauker investor. The parties filed cross-motions for summary judgment.

Pursuant to 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this action was referred to United States Magistrate Judge Jeff Kaplan for pretrial management. On February 8, 2007, the Findings and Recommendation of the United States Magistrate Judge were filed, recommending that the court grant Plaintiff's Motion for Summary Judgment, deny Defendant's Motion for Summary Judgment, and enter judgment against 3-D Marketing in the amount of $150,000, together with prejudgment and postjudgment interest as allowed by law. The magistrate judge further recommended that a constructive trust should be imposed on the funds transferred by Sardauker and that 3-D Marketing should be ordered to disgorge the funds. Finally, the magistrate judge found that the Receiver was entitled to recover costs and reasonable attorney's fees. 3-D Marketing filed objections to the findings and recommendations of the United States Magistrate Judge ("Defendant's Objections") on February 14, 2007. The Receiver filed a reply to Defendant's objections on February 20, 2007 ("Receiver's Reply").

The magistrate judge recommended that the court grant the Receiver's motion for summary judgment and deny Defendant's motion for summary judgment because Defendant 3-D Marketing had not adduced any evidence to contradict the copious evidence submitted by the Receiver in support of his motion for summary judgment, wherein he contended that two $75,000 payments made by Sardauker to 3-D Marketing constituted voidable transfers under the Texas Uniform Fraudulent Transfer Act ("UFTA"), which provides in relevant part that:

> (a)  A transfer made or obligation incurred by a debtor is fraudulent . . . if the debtor made the transfer or incurred the obligation:
>
> > (1)  with actual intent to hinder, delay, or defraud any creditor of the debtor. . . .

Tex. Bus. & Comm. Code Ann. § 24.005 (Vernon 2002).  *See* Findings and Recommendation at 6 (setting forth the uncontroverted summary judgment submitted by the Receiver).

Defendant has objected to the Findings and Recommendations, contending: (i) that the magistrate judge's finding that Sardauker was operated as an illegal *Ponzi* scheme was erroneous, as a *Ponzi* scheme can only be proved up by expert testimony; (ii) that the *Ponzi* scheme's existence is a contested issue of fact; (iii) that the court should revise the magistrate judge's findings and recommendation for failure to note a loan agreement between Defendant and LB Charitable Trust; and (iv) there is no legal basis for the court to bar it from receiving back a portion of the money it invested with Sardauker.  The court will address these objections in turn.

Defendant first objects to the magistrate judge's finding that Sardauker was operated as an illegal *Ponzi* scheme, and argues that a *Ponzi* scheme can only be proved up by expert testimony. This objection is **overruled**.  Defendant offers no case law to support the contention that an expert witness is needed to testify as to the existence of a *Ponzi* scheme.  The court has been unable to locate any support for this proposition on its own.  Moreover, as the magistrate judge duly noted,

**Memorandum Opinion and Order – Page 3**

"judges in this district have routinely made such a determination at the summary judgment stage based on evidence similar to that presented by the Receiver in this case." Findings and Recommendation at 5 (and cases cited therein). The magistrate judge further correctly states that "[a]lthough not binding on 3-D Marketing, the court notes two other cases where it determined that Sardauker was operated as an illegal Ponzi scheme." *Id.* at n.2 (citing *Quilling v. Stark*, No. 3:05-CV-1976-BD, op. at 5 (N.D. Tex. Feb. 7, 2007) and *Quilling v. Tschebaum*, No. 3:05-CV-1465-L, op. at 5 (N.D. Tex. July 21, 2006)).

Defendant's second objection is that the *Ponzi* scheme's existence is a contested issue of fact. This objection is **overruled**. As the Receiver correctly states in his reply, Defendant never offered any factual evidence contesting this point. Reply at 2. That Defendant denied the existence of a *Ponzi* scheme in its answer is not the same as submitting summary judgment evidence.

As its third objection, Defendant requests that the court revise the magistrate judge's findings for failure to note a loan agreement between Defendant and LB Charitable Trust. This objection is overruled. Any loan agreement between Defendant and LB Charitable Trust is irrelevant to liability under the UFTA. As stated by the Receiver in his reply, "any agreement or obligation between Defendant and LB Charitable Trust is immaterial and more appropriately litigated in another case." *Id.* at 2.

Finally, Defendant objects that there is no legal basis for the court to bar it from receiving back a portion of the money it invested with Sardauker. This objection is **overruled**. Again, this contention is immaterial to claims arising under the UFTA. The court is not saying that Defendant cannot recover any money back at a later juncture in the case. At this time, however, the Receiver, appointed by the court as receiver for all defendants to the *Megafund* Litigation, is authorized to take

possession of the transferred amounts under the UFTA as part of the administration of the Receivership.

Having reviewed the pleadings, file and record in this case, the findings and conclusions of the magistrate judge, Defendant's Objections, and Receiver's Reply, the court determines that the findings and conclusions are correct. Defendant's Objections are **overruled**. The magistrate judge's findings are **accepted** as those of the court. Accordingly, the court **grants** Receiver's Motion for Summary Judgment and **denies** 3-D Marketing's Motion for Summary Judgment. The court will issue judgment against 3-D Marketing in the amount of $150,000, together with prejudgment and postjudgment interest as allowed by law and will impose a constructive trust on the funds transferred by Sardauker. The court also orders that 3-D Marketing disgorge the funds. A final judgment dismissing this case will issue by separate document as required by Fed. R. Civ. P. 58.

**It is so ordered** this 28th day of February, 2007.

Sam A. Lindsay
United States District Judge