IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL J. QUILLING, as Receiver for Sardaukar Holdings, IBC and Bradley C. Stark | § § § § | |
| Plaintiff, | § § | NO. 3-06-CV-0293-L |
| VS. | § § | |
| 3-D MARKETING, LLC | § § | |
| Defendant. | § § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Michael J. Quilling, as Receiver for Sardaukar Holdings, IBC and related entities, has filed an amended motion for a show cause order requiring Dean Allen Steeves, principal agent of 3-D Marketing, LLC ("3-D Marketing"), to appear in court and explain why he and his company should not be held in civil contempt for violating the final judgment entered in this case on March 8, 2007. For the reasons stated herein, 3-D Marketing and Steeves should be adjudged in civil contempt and Steeves should be incarcerated until such time as he and his company disgorge the sum of $150,000.00 to the Receiver as required by the judgment.

I.

This contempt proceeding arises out of a lawsuit brought by the Securities and Exchange Commission ("SEC") against various defendants and relief-defendants involving the sale of unregistered securities. *SEC v. Megafund Corp.*, No. 3-05-CV-1328-L ("the *Megafund* Litigation"). In that case, the SEC alleges that the defendants, including Sardaukar Holdings, IBC ("Sardaukar") and Bradley C. Stark ("Stark"), raised more than $13 million from unwitting investors by making

false representations about the expected rate of return on their investments and by promising that a portion of the profits generated from the sale of securities would be used to benefit charitable causes. On July 5, 2005, the court appointed Michael J. Quilling as the Receiver for all defendants in the *Megafund* Litigation. In that capacity, Quilling was authorized to:

> take[ ] exclusive jurisdiction and possession of the assets, monies, securities, claims in action, and properties, real and personal, tangible and intangible, of whatever kind and description, wherever situated, of [the named defendants and relief defendant] and any entities they control ("Receivership Assets"), and the books and records of the Defendants and Relief Defendants ("Receivership Records").

*See* Order, 7/5/05 at 1-2, ¶ I(1)). The order further provides:

> The Receiver is hereby authorized to institute, defend, compromise or adjust such actions or proceedings in state or federal courts now pending and hereafter instituted, as may in his discretion be advisable or proper for the protection of Receivership Assets or proceeds therefrom, and to institute, prosecute, compromise or adjust such actions or proceedings in state or federal court as may in his judgment be necessary or proper for the collection, preservation and maintenance of Receivership Assets.
>
> The Receiver is hereby authorized to institute such actions or proceedings to impose a constructive trust, obtain possession and/or recover judgment with respect to persons or entities who received assets or funds traceable to investor monies. All such actions shall be filed in this Court.

*Id.* at 5-6, ¶ I(12) & (13)).

On February 15, 2006, the Receiver filed suit in federal district court to recover two payments totaling $150,000.00 that were transferred to 3-D Marketing by Sardaukar. The Receiver alleged that the transfers were fraudulent as a matter of law because Sardaukar was operated as an illegal *Ponzi* scheme by Stark. 3-D Marketing denied that the payments were fraudulent transfers, characterizing one payment as a return on its initial $100,000.00 investment and the other payment as a "loan." On February 28, 2007, the court granted summary judgment in favor of the Receiver

on his fraudulent transfer claim. *Quilling v. 3-D Marketing, LLC*, No. 3-06-CV-0293-L, 2007 WL 1058217 (N.D. Tex. Feb. 8, 2007), *rec. adopted*, 2007 WL 631281 (N.D. Tex. Feb. 28, 2007). The final judgment entered on March 8, 2007 provides, in pertinent part:

> Accordingly, it is ORDERED, ADJUDGED, and DECREED that judgment is entered in favor of Michael J. Quilling as Receiver for Sardaukar Holdings, IBC and Bradley C. Stark against Defendant 3-D Marketing, LLC in the amount of $150,000; that a constructive trust is hereby imposed on the $150,000 in funds which the court found were voidable transfers under the Texas Uniform Fraudulent Transfer Act, Tex. Bus. & Comm. Code Ann. § 24.005 (Vernon 2002); *that 3-D Marketing, LLC is to disgorge these funds to the Receiver within thirty (30) days of the entry of this Judgment . . .*

Jmt., 3/8/07 at 1 (emphasis added). When 3-D Marketing failed to disgorge the sum of $150,000.00 after 30 days, the Receiver sent a demand letter to the company, through its attorney, threatening to enforce the judgment by contempt. (Exh. 2). Counsel responded that 3-D Marketing did not have sufficient assets to comply with the judgment. (Exh. 3).[1] The Receiver then filed the instant motion seeking to hold 3-D Marketing and Steeves in civil contempt for violating the disgorgement order.

A contempt hearing was scheduled for July 13, 2007 at 9:00 a.m. By order dated June 6, 2007, Steeves was directed to attend this hearing in person, "then and there to show cause why he and his company should not be held in civil contempt for violating the disgorgement order contained in the final judgment entered on March 8, 2007." Order, 6/6/07. Steeves was personally served with this Show Cause Order, but failed to attend the hearing as required. (*See* Exh. 11).[2] The court therefore considers the contempt motion *in absentia*.

---

[1] Although counsel indicated that 3-D Marketing would be filing a Chapter 7 bankruptcy proceeding in the near future, no such action has been filed to date.

[2] Stephen C. Schoettmer, the attorney who represented 3-D Marketing until he was allowed to withdraw just prior to the show cause hearing, represented to the court that Steeves had actual notice of the hearing.

II.

A person who fails to obey a lawful court order may be held in contempt. *Travelhost, Inc. v. Blandford*, 68 F.3d 958, 961 (5th Cir. 1995). In a civil contempt proceeding, the movant must establish that: (1) a court order was in effect; (2) the order required certain conduct by the respondent; and (3) the respondent failed to comply with the order. *See American Airlines, Inc. v. Allied Pilots Association*, 228 F.3d 574, 581 (5th Cir. 2000), *cert. denied*, 121 S.Ct. 1190 (2001), *citing Martin v. Trinity Industries, Inc.*, 959 F.2d 45, 47 (5th Cir. 1992). The standard of proof is clear and convincing evidence. *Petroleos Mexicanos v. Crawford Enterprises, Inc.*, 826 F.2d 392, 401 (5th Cir. 1987). Once the movant establishes a *prima facie* case, the burden shifts to the respondent to prove a present inability to comply with the order. *Id.*; *see also McPhaul v. United States*, 364 U.S. 372, 379, 81 S.Ct. 138, 142, 5 L.Ed.2d 136 (1960).

The Fifth Circuit has made clear that a disgorgement order is enforceable by civil contempt. In *Pierce v. Vision Investments, Inc.*, 779 F.2d 302 (5th Cir. 1986), the court held that disgorgement payments are akin to "an injunction in the public interest," rather than "a mere money judgment or debt." *Id.* at 307; *see also SEC v. Blatt*, 583 F.2d 1325, 1335 (5th Cir. 1978) ("The purpose of disgorgement is not to compensate the victims of the fraud, but to deprive the wrongdoer of his ill-gotten gain."). Thus, enforcement of a disgorgement order through contempt sanctions, including incarceration, is permissible. *Vision Investments*, 779 F.2d at 307; *see also SEC v. AMX International, Inc.*, 7 F.3d 71, 75-76 & n.7 (5th Cir. 1993).

III.

The court finds that Dean Allen Steeves is the principal agent of 3-D Marketing. Initially, Steeves attempted to represent the company in this litigation. Steeves is still listed on the 3-D Marketing website as the Vice President of Sales and offers statements on behalf of the company

through its press releases. An email link directs users of the 3-D Marketing website to dean@3D-mktg.com, the same address Steeves used in communicating with the Receiver and the court. (*See* Exh. 8 at ¶ 6). Finally, it was Steeves who terminated the services of Stephen C. Schoettmer, the former attorney for 3-D Marketing.

The court further finds by clear and convincing evidence that 3-D Marketing has failed to comply with the final judgment entered on March 8, 2007. As part of that judgment, the company was ordered to disgorge the sum of $150,000.00 to the Receiver within 30 days. More than four months have passed since the judgment was entered and 3-D Marketing has not made the required payment. 3-D Marketing is therefore in contempt of the disgorgement order.

A more difficult question is whether the court can hold Steeves in contempt. Although this precise issue has not been addressed by the Fifth Circuit, other courts have upheld civil contempt sanctions against corporate officers, who were not parties to the underlying proceeding, for disobeying an order directed to their company. *See, e.g. Chicago Truck Drivers v. Brotherhood Labor Leasing*, 207 F.3d 500, 507 (8th Cir. 2000); *Central States, Southeast and Southwest Areas Pension Fund v. Wintz Properties, Inc.*, 155 F.3d 868, 876 (7th Cir. 1998); *United States v. Hochschild*, 977 F.2d 208, 209-11 (6th Cir. 1992), *cert. denied*, 113 S.Ct. 1017 (1993); *NLRB v. Sequoia District Council of Carpenters*, 568 F.2d 628, 633 (9th Cir. 1977). At least one judge in this district has held a corporate officer in civil contempt after his limited liability company failed to turn money over to a court-appointed receiver, noting that "[a] limited liability company and a corporation can act only through its agents." *SEC v. Funding Resource Group*, No. 3-98-CV-2689-X, or. at 3 (N.D. Tex. May 24, 1999), *appeal dism'd*, 227 F.3d 231 (5th Cir. 2000). The same result applies here. As the principal agent of 3-D Marketing, Steeves is ultimately responsible for ensuring that the company complies with its legal obligations. Steeves was given an opportunity to explain

his conduct, but he did not appear at the show cause hearing.  The court therefore determines that Steeves should be adjudged in civil contempt and incarcerated until he and his company comply with the disgorgement order.

### **RECOMMENDATION**

The Receiver's amended motion for a show cause order [Doc. #50] should be granted.  3-D Marketing, LLC and its principal agent, Dean Allen Steeves, should be adjudged in civil contempt for failing to comply with the final judgment entered on March 8, 2007, requiring the company to disgorge the sum of $150,000.00 to the Receiver within 30 days.  Steeves should be taken into custody immediately and incarcerated until such time as he and 3-D Marketing comply with the disgorgement order.

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party may file written objections to the recommendation within 10 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 18, 2007.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE