IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **MICHAEL J. QUILLING, as Receiver** § | | |
| **for Sardaukar Holdings, IBC and** § | | |
| **Bradley C. Stark**, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | Civil Action No. **3:06-CV-0293-L** | |
| § | | |
| **3-D MARKETING, LLC**, § | | |
| § | | |
| Defendant. § | | |

## ORDER OF CONTEMPT

Before the court is the Receiver's Amended Motion for Show Cause Order, filed June 5, 2007. United States Magistrate Judge Jeff Kaplan entered his findings and recommendation on the motion on July 18, 2007. The magistrate judge recommended the court grant the motion, adjudge Dean Allen Steeves and 3-D Marketing, LLC in civil contempt, and incarcerate Steeves until he and 3-D Marketing disgorge the sum of $150,000 to the Receiver as required by the Judgment in this case.

On March 8, 2007, the court entered Judgment in favor of the Receiver against 3-D Marketing in the amount of $150,000 and ordered that 3-D Marketing disgorge those funds to the Receiver within thirty days. When 3-D Marketing failed to disgorge the funds, the Receiver moved for a show cause order. The magistrate judge held two show cause hearings in this case. At the first hearing, on May 11, 2007, counsel for 3-D Marketing appeared but Steeves failed to appear as required. Counsel for 3-D Marketing did file a pleading stating that Steeves could not travel from California to Dallas for the hearing due to a back injury, but no evidence substantiating his injury

was ever filed with the court. Subsequently, the Receiver filed the amended motion now before the court seeking a hearing requiring 3-D Marketing and Steeves to show cause why the company, through Steeves, its principal agent, should not be held in civil contempt for violating the court's disgorgement order and judgment. A show cause hearing was scheduled for July 13, 2007 and the court issued an order requiring Steeves to attend the hearing in person. Steeves was personally served with the court's order requiring his attendance at the hearing. Steeves failed to appear at the July 13, 2007 show cause hearing, and the magistrate judge subsequently recommended that 3-D Marketing and Steeves be held in civil contempt.

Neither 3-D Marketing nor Steeves filed formal objections to the magistrate judge's finding and recommendation. Steeves sent correspondence to the magistrate judge and the clerk of the court arguing that this case had been closed. He also filed a document entitled "Notice of Liability," which was unfiled by the court. Steeves has repeatedly argued that the case is closed due to various documents he has filed with the court, many of which have been unfiled as improper pleadings or as matters unrelated to the pending case.

The court has reviewed the magistrate judge's findings and recommendation, the record, and applicable law, and finds that the magistrate judge's findings are correct and are therefore **accepted** as those of the court. Accordingly, the court **grants** the Receiver's Amended Motion for Show Cause Order and **adjudges** 3-D Marketing, LLC and its principal agent, Dean Allen Steeves, in civil contempt of this court for failing to comply with the Judgment entered on March 8, 2007 requiring the company to disgorge the sum of $150,000 to the Receiver within 30 days.

**In light of its finding of contempt, the court orders and directs the United States Marshal to take Dean Allen Steeves into custody and hold him at the nearest detention facility**

**Order of Contempt – Page 2**

**to the Dallas Division of the United States District Court for the Northern District of Texas. Dean Allen Steeves shall be held at such facility until such time as he and 3-D Marketing turn over the sum of $150,000 to the Receiver.  3-D Marketing and Steeves may purge themselves of contempt by complying with the court's March 8, 2007 Judgment.**

The clerk of the court is **directed** to mail a copy of this order to Dean Allen Steeves at his last known address by priority mail, and by certified mail, return receipt requested.  The clerk of the court is also **directed** to note on the docket the address to which notification was mailed.

**It is so ordered** this 20th day of September, 2007.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge